**UNITED STATES DISTRICT COURT**                    **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MARIO JOSE GUTIERREZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:11-CV-67 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Mario Jose Gutierrez, an inmate at the Federal Correctional Institution in Anthony, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to a United States Magistrate Judge for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the motion be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Movant objects to the report, asserting that the limitations provision of the AEDPA should not bar his motion to vacate, set aside or correct sentence because it is his first such motion. After careful consideration, the court concludes Movant's objections are without merit. The facts supporting the claims raised in Movant's § 2255 motion became known or could have become

known prior to the date Movant's judgment of conviction became final. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1078-79, 155 L.Ed.2d 88 (2003); *United States v. Gamble*, 208 F.3d 536, 536- 37 (5th Cir.2000) (per curiam). Therefore, the magistrate judge correctly calculated the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2255(f). The limitations provision applies to a first motion to vacate, set aside or correct sentence. *Id.*

A judgment was entered on July 15, 2008 sentencing Movant to 60 months' imprisonment to be followed by four years supervised release. *See United States v. Watkins*, 1:07cr169 (E.D. Tex. July 15, 2008). Movant did not appeal his conviction or sentence. Movant's Section 2255 motion filed on February 7, 2011, almost three years after his time to appeal had expired, is untimely and barred by the statute of limitations. Further, Movant has raised no grounds that would support equitable tolling of the limitation period. Accordingly, Movant's objections should be overruled.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893

(1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 11th day of January, 2012.

*Marcia A. Crone*

---
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

3